IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



FILED
OCT - 4 2017
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| LINGJIA CAI, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MAOLIN ZHANG, 111xin2.com, ) <br> 222xin2.com, 333xin2.com, 444xin2.com, ) <br> 555xin2.com, 666xin2.com, 7422.com, ) <br> 777xin2.com, 797979.com, 888xin2.com, ) <br> 999xin2.com, cheng11.com, cheng111.com, ) <br> cheng222.com, cheng33.com, ) <br> cheng333.com, cheng444.com, ) <br> cheng55.com, cheng555.com, ) <br> cheng666.com, cheng77.com, ) <br> cheng777.com, cheng88.com, cheng99.com, ) <br> fa888.com, long00000.com, long11111.com, ) <br> long22222.com, long33333.com, ) <br> long44444.com, long55555.com, ) <br> long66666.com, long77777.com, ) <br> long88888.com, long99999.com, ) <br> my1898.com, new2.com, xin2.com, ) <br> xin2.net, yhgj.com, 7-q.com, ) <br> bx111222.com, bx222333.com, ) <br> bx333444.com, bx444555.com, ) <br> bx555666.com, bx666777.com, ) <br> bx777888.com, bx888999.com, ) <br> h1898.com, hg1669.com, hg1895.com, ) <br> hg1896.com, hg1898.com, hg1898.net, ) <br> hggjw.com, hggjw.net, hhhggg.com, ) <br> hhhggg.net, hhhggg.org, ok888999.com, ) <br> sjb1122.com, sjb1133.com, sjb1144.com, ) <br> sjb1155.com, sjb6699.com, yh111222.com, ) <br> yh1122.com, yh1133.com, yh1144.com, ) <br> yh1155.com, yh1555.com, yh1666.com, ) <br> and yh6789.com ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:17-cv-0531 (LO/JFA) |

## **PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

This matter is before the court on plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 12). In this action, plaintiffs Lingjia Cai and Yongfang Xiang ("plaintiffs") seek a default judgment ordering that the registrations for the domain name defendants be transferred back to them. Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### **Procedural Background**

On May 5, 2017, plaintiffs filed a complaint against Maolin Zhang, alleging a violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA") (Docket no. 1). On June 27, 2017, plaintiffs filed an amended complaint, naming 111xin2.com, 222xin2.com, 333xin2.com, 444xin2.com, 555xin2.com, 666xin2.com, 7422.com, 777xin2.com, 797979.com, 888xin2.com, 999xin2.com, cheng11.com, cheng111.com, cheng222.com, cheng33.com, cheng333.com, cheng444.com, cheng55.com, cheng555.com, cheng666.com, cheng77.com, cheng777.com, cheng88.com, cheng99.com, fa888.com, long00000.com, long11111.com, long22222.com, long33333.com, long44444.com, long55555.com, long66666.com, long77777.com, long88888.com, long99999.com, my1898.com, new2.com, xin2.com, xin2.net, yhgj.com, 7-q.com, bx111222.com, bx222333.com, bx333444.com, bx444555.com, bx555666.com, bx666777.com, bx777888.com, bx888999.com, h1898.com, hg1669.com, hg1895.com, hg1896.com, hg1898.com, hg1898.net, hggjw.com, hggjw.net, hhhggg.com, hhhggg.net, hhhggg.org, ok888999.com, sjb1122.com, sjb1133.com, sjb1144.com, sjb1155.com, sjb6699.com, yh111222.com, yh1122.com, yh1133.com, yh1144.com, yh1155.com, yh1555.com, yh1666.com, and yh6789.com (collectively, the "Domain Name

Defendants" or "Defendant Domain Names") as defendants in this *in rem* action (Docket no. 7). On July 1, 2017, plaintiffs moved for service by publication (Docket no. 8), which the court granted on July 5, 2017 (Docket no. 9). On August 10, 2017, plaintiffs requested an entry of default (Docket no. 10), which the clerk entered as to Zhang and the Domain Name Defendants on August 25, 2017 (Docket no. 11). On August 31, 2017, plaintiffs filed this motion for default judgment (Docket no. 12) and noticed the hearing date for September 29, 2017 (Docket no. 16). At the hearing on September 29, 2017, counsel for the plaintiffs appeared, but no one appeared on behalf of Zhang or the Domain Name Defendants. (Docket no. 17).

## **Factual Background**

The following facts are established by the amended complaint (Docket no. 7) ("Am. Compl.") and the memorandum in support of plaintiffs' motion for default judgment (Docket no. 13). Plaintiffs Lingjia Cai and Yongfang Xiang are individuals from Guangdong Province, China and Sichuan Province, China, respectively. (Am. Compl. ¶¶ 1–2). Plaintiffs jointly own the seventy-four (74) Domain Name Defendants in question via two GoDaddy.com accounts (Customer Nos. 102576064 and 102571972). (Docket nos. 13 at 3; 7-3, ¶¶ 4–6; 7-4, ¶¶ 4–6). The registry for the Domain Name Defendants is VeriSign, Inc., which operates in Reston, Virginia. (Am. Compl. ¶ 4). Plaintiffs owned and used the Defendant Domain Names in commerce beginning as early as December 2012 until around September 25, 2016, when Zhang unlawfully took them. (Docket nos. 7-3, ¶¶ 9–10, 7-4, ¶¶ 9–10). The Defendant Domain Names generated $3,000 in revenue and 300 visits per month since their first operations. (Am. Compl. ¶ 13).

On or about September 25, 2016, an individual identified as "Maolin Zhang" hacked into plaintiffs' GoDaddy.com accounts and stole several domain names. (Am. Compl. ¶¶ 16–17).

While plaintiffs were able to recover a few of the stolen domain names, GoDaddy.com rejected plaintiffs' November 17, 2016 request to return the remaining seventy-four Defendant Domain Names in question. (Am. Compl. ¶ 17). Zhang transferred the Defendant Domain Names to his GoDaddy.com account. (Am. Compl. ¶ 18). Plaintiff Yongfang Xiang regained control of her account, but plaintiff Lingjia Cai's account remains inaccessible. (Am. Compl. ¶ 20). Zhang still has control over the Defendant Domain Names. (Am. Compl. ¶ 20).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiffs bring this cause of action pursuant to the ACPA (15 U.S.C. § 1125(d)) and alleges that this court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). (Am. Compl. ¶ 6).

4

Plaintiffs allege that this court has *in rem* jurisdiction over the Defendant Domain Names pursuant to 15 U.S.C. § 1125(d)(2)(A), as the registry for the Domain Name Defendants is VeriSign, Inc., located at 12061 Bluemont Way, Reston, Virginia 20190, and the currently listed registrant, Zhang, is a citizen and resident of China without sufficient contacts to confer personal jurisdiction in this court. (Am. Compl. ¶ 5; Docket no. 13 at 4). Plaintiffs allege that venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) as the registry for the Defendant Domain Names is VeriSign, Inc., which is located in this District. Given the uncontested allegations that the registry for the Defendant Domain Names is located in this District, and that the registrant, Zhang, is not subject to personal jurisdiction in this court, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has *in rem* jurisdiction over the Defendant Domain Names, and that venue is proper in this court.

## Service

Rule 4(n)(1) provides that the court may assert service over property if authorized by a federal statute, and notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule. Under 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), if the court finds that the owner through due diligence was not able to find a person who would have been a defendant for violating any right of the owner of a mark protected under subsections (a) or (c), a plaintiff may publish a notice of the action as directed by the court.

On July 1, 2017, plaintiffs moved for notice by publication, alleging that Zhang was not subject to personal jurisdiction anywhere in the United States for their *in rem* action. (Docket no. 8 at 2). On July 5, 2017, this court granted plaintiffs' motion for publication and directed them to publish a notice in the Washington Times or the Washington Post. (Docket no. 9). On

July 13, 2017, plaintiffs published a notice in the Washington Times. (Docket no. 10-2 at 2). Based on the foregoing and plaintiffs' sending notice of the alleged violation and intent to proceed to the registrant of the Defendant Domain Names at the postal and email addresses provided by the registrant to the registry, the undersigned magistrate judge recommends a finding that service of process has been accomplished as set forth in 15 U.S.C. § 1125(d)(2)(A)(ii).

## **Grounds for Entry of Default**

In accordance with Federal Rule of Civil Procedure 12(a) and the notice published in the Washington Times, anyone making a claim to the Defendant Domain Names was required to file a responsive pleading by August 3, 2017; twenty-one (21) days after the notice of action was published. No responsive pleading has been filed by Zhang and no other claims were filed, and the time for doing so has since expired. On August 10, 2017, one week after the response deadline, plaintiffs filed a request for entry of default against Zhang and the Defendant Domain Names (Docket no. 10). Thereafter, the Clerk of Court entered a default against Zhang and the Defendant Domain Names on August 25, 2017 (Docket no. 11).

For the reasons stated above, the undersigned magistrate judge recommends a finding that notice of this *in rem* action was proper and that no one has made a timely claim to the Defendant Domain Names, and that the Clerk of Court properly entered a default as to the Defendant Domain Names.

## **Liability**

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered,

the factual allegations in the amended complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

**ACPA (Count II)**

Plaintiffs have established a violation of the ACPA. As an initial matter, plaintiffs contend that they own the exclusive rights to the Defendant Domain Names and their associated trademarks, which are in full force and effect, and are distinctive marks pursuant to 15 U.S.C. §1125. (Am. Compl. ¶¶ 12–15). Accordingly, plaintiffs are the rightful owners of the Defendant Domain Names and their associated trademarks.

To establish an ACPA violation, plaintiffs are required to (1) prove that defendant had bad faith intent to profit from using the Defendant Domain Names, and (2) that the Defendant Domain Names are identical or confusingly similar to, or dilutive of, the distinctive marks owned by plaintiffs. 15 U.S.C. § 1125(d)(1)(A); *see People for Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). In determining whether defendant acted in bad faith, a court may consider several factors, including:

> (I) the trademark or other intellectual property rights of the person, if any, in the domain name;
> (II) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person;
> (III) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;
> (IV) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;
> (V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;
> (VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain

7

> name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct;
> (VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;
> (VIII) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and
> (IX) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of subsection (c)(1) of this section.

15 U.S.C. § 1125(d)(1)(B)(i); *see People for Ethical Treatment of Animals*, 263 F.3d at 368–69.

First, plaintiffs have established that Zhang possessed the requisite bad faith intent to profit from the Defendant Domain Names when he hacked plaintiffs' GoDaddy.com accounts and illegally transferred the Defendant Domain Names. (Am. Compl. ¶ 30; Docket no. 13 at 7). Based on the factors set forth in 15 U.S.C. § 1125(d)(1)(B)(i), plaintiffs have established that: (1) Zhang lacks any trademark rights in the Defendant Domain Names, as evidenced by their rightful ownership of the Defendant Domain Names (Am. Compl. ¶¶ 12–15; Docket no. 13 at 8); (2) plaintiffs were the sole users of the Defendant Domain Names until Zhang illegally gained control over them (Am. Compl. ¶¶ 13, 28; Docket no. 13 at 8); (3) Zhang has no bona fide non-commercial or fair use of the trademarks associated with the Defendant Domain Names (Docket no. 13 at 8); (4) the Defendant Domain Names are currently diverting customers away from plaintiffs' online services (Am. Compl. ¶ 30; Docket no. 13 at 8); and (5) Zhang supplied false and misleading contact information to GoDaddy.com when he transferred the Defendant Domain Names. (Am. Compl. ¶ 3; Docket no. 13 at 8).

Second, plaintiffs have established that the Defendant Domain Names are identical to the distinctive marks owned by plaintiffs. (Docket no. 13 at 6). The Defendant Domain Names and their associated trademarks were used in commerce in conjunction with online services provided by plaintiffs as early as December 2012, until September 25, 2016. (Am. Compl. ¶ 13). On or about September 25, 2016, Zhang illegally gained access to plaintiffs' GoDaddy.com accounts and wrongfully transferred the Defendant Domain Names to his GoDaddy.com account without plaintiffs' authorization. (Am. Compl. ¶¶ 16, 18). As such, Zhang's use of the trademarks associated with the Defendant Domain Names was necessarily the same as the use by plaintiffs. Therefore, plaintiffs have established a violation of the ACPA.

### Relief

In this *in rem* action, plaintiffs seek the return of the Defendant Domain Names as the sole form of relief. Pursuant to 15 U.S.C. § 1125(d)(1)(C), "[i]n any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." This court has previously ordered the transfer of domain names where those domain names infringe on valid trademarks. *See Int'l Bancorp, L.L.C. v. Societe Des Baines De Mer Et Du Cercle Des Etrangers A Monaco*, 192 F. Supp. 2d 467, 490 (E.D. Va. 2002). Given that plaintiffs have established a violation of the ACPA through Zhang's unauthorized transfer of the registration of plaintiff's domain names and the use of those domain names and associated trademarks, the undersigned recommends an order requiring the transfer of the Defendant Domain Names to plaintiffs.

## Conclusion

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of Lingjia Cai and Yongfang Xiang (collectively, "Plaintiffs") and against each of the Domain Name Defendants pursuant to Count II alleging a violation of the Anti-cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)(1)(C)). The undersigned recommends it be ordered that VeriSign, Inc., as registry for the following domain names, confirm that the register of record for the following domain names is GoDaddy.com and if not, transfer the registration to GoDaddy.com and that GoDaddy.com transfer the registrations for domain names 111xin2.com, 222xin2.com, 333xin2.com, 444xin2.com, 555xin2.com, 666xin2.com, 7422.com, 777xin2.com, 797979.com, 888xin2.com, 999xin2.com, cheng11.com, cheng111.com, cheng222.com, cheng33.com, cheng333.com, cheng444.com, cheng55.com, cheng555.com, cheng666.com, cheng77.com, cheng777.com, cheng88.com, cheng99.com, fa888.com, long00000.com, long11111.com, long22222.com, long33333.com, long44444.com, long55555.com, long66666.com, long77777.com, long88888.com, long99999.com, my1898.com, new2.com, xin2.com, xin2.net, yhgj.com, 7-q.com, bx111222.com, bx222333.com, bx333444.com, bx444555.com, bx555666.com, bx666777.com, bx777888.com, bx888999.com, h1898.com, hg1669.com, hg1895.com, hg1896.com, hg1898.com, hg1898.net, hggjw.com, hggjw.net, hhhggg.com, hhhggg.net, hhhggg.org, ok888999.com, sjb1122.com, sjb1133.com, sjb1144.com, sjb1155.com, sjb6699.com, yh111222.com, yh1122.com, yh1133.com, yh1144.com, yh1155.com, yh1555.com, yh1666.com, and yh6789.com back to plaintiffs Lingjia Cai and Yongfang Xiang.

## Notice

By means of the court's electronic filing system and by sending a copy of these proposed findings of fact and recommendations to the email address 88145com@gmail.com; and mailing a copy to Maolin Zhang, Luxian Hyun beach town, Two cell attachment Lake Road No. 43, Chongqing Sichuan 646105 CN, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 4th day of October, 2017.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia